**Douglas FISHER et ux., Appellants,**

**v.**

**GULF COAST MACHINE AND SUPPLY COMPANY, Inc., Appellee.**

**No. 6821.**

Court of Civil Appeals of Texas.

Beaumont.

March 17, 1966.

Alvin E. Wiggins, Beaumont, for appellants.

John H. Benckenstein, Beaumont, for appellee.

PARKER, Justice.

Douglas Fisher and wife sued Gulf Coast Machine and Supply Company, Inc. for damages caused plaintiffs' home by the vibration of several large forging type hammers of defendant. Summary judgment was entered for Gulf Coast Machine and Supply Company, Inc. that plaintiffs take nothing by their suit. Plaintiffs will be called appellants and defendant will be called appellee in this opinion.

Appellants' two points of error will be considered together:

"The Trial Court erred in granting a summary judgment for defendant be-

cause under the plaintiffs' pleadings they have alleged a cause of action coming within Art. 1, Sec. 17 of the Constitution of the State of Texas [Vernon's Ann. St.]."

"That the Trial Court erred in granting a summary judgment for defendant because under the plaintiffs' pleadings a fact issue is raised for a jury determination."

Appellants owned a home nearby the plant of appellee. Appellants alleged:

"IV.

"That defendant, Gulf Coast Machine and Supply Company, Inc. owns, operates and maintains a plant located at 1755 Evalon Street in Beaumont, Jefferson County, Texas and in connection with its operation, owns, operates and maintains several large forging-type hammers which pound incessantly a number of hours per day and night and have continued to pound incessantly for a long period of time in the past. That as a result of the constant pounding of these hammers, the area and ground located under the plaintiffs' home shakes and jars and has caused the home of your plaintiffs to be damaged thereby. That the use for which the plaintiffs had purchased their home has been interfered with.

"V.

"Your plaintiffs show unto the court that by reason of incessant pounding and jarring of the ground located in and about their home, that said property in question has been taken by virtue of Article I, Section 17 Texas Constitution, Vernon's Annotated Statute which reads partly as follows: 'No persons property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person.' That your plaintiff herein shows that as a result of the repeated acts of pounding which with the large forging-type hammers, that

their home has been jarred, shaken and broken and that their properties have been taken without just compensation and your plaintiffs herein rely upon the theory of inverse condemnation.

"VI.

"That prior to several years ago, that the home occupied by your plaintiffs was a home, was in good state of repairs, but since the aforesaid that the damage which resulted directly from the conduct on the part of the defendant has been extensive. That the reasonable cost of repair of said home at the time of amendment of this suit in Beaumont, Jefferson County, Texas is NINE THOUSAND ($9,000.00) DOLLARS, for which amount your plaintiffs sue herein.

"WHEREFORE, premises considered, your plaintiffs pray that the defendant be cited herein to answer as the law directs; and that upon final trial hereof, your plaintiffs have judgment over and against the defendant in the reasonable and just amount of NINE THOUSAND ($9,000.00) DOLLARS, for costs of court, and for such other and further relief, either in law or in equity to which your plaintiffs may be justly entitled."

In answer to appellants' first amended original petition, appellee plead a number of special exceptions, a general denial and specially plead that: (1) It is a corporation, incorporated under the laws of Texas, for the purpose of the transaction or manufacture of oilwell and marine supplies, and the purchase and sale of goods, wares and merchandise used for such business; (2) it does not have the right of eminent domain, has no authority to take property for public use, and the doctrine of inverse condemnation has no application to it; (3) it is a private corporation, not a public one; (4) it has and does now operate its plant at 1755 Evalon Street, Beaumont, Texas, as a private corporation and private business in the normal use of a private forging business, without negligence or careless-

ness, in a reasonable and lawful manner; and (5) whatever claim, if any, which the plaintiffs may or might have, the same is barred by the two year statute of limitations.

In appellee's motion for summary judgment that appellants take nothing against it, it alleged:

"1.

"The plaintiff by filing its first amended original petition seeks to recover damages herein by virtue of Article 1, Section 17, of the Texas Constitution and relies entirely upon a theory of inverse condemnation, and reference is here made to plaintiffs' first amended original petition and especially to paragraph 5 thereof, for the sole purpose of the description of plaintiffs' alleged cause of action against this defendant.

"2.

"The defendant is a private corporation, incorporated under the laws of Texas with charter domicile at Beaumont and does not have any right of eminent domain or any right to take any property for public use.

"3.

"The plaintiffs' property has not been taken, damaged or destroyed for or applied to public use without adequate compensation being made, insofar as this defendant is concerned.

"4.

"Supporting affidavits are attached.

"5.

"The pleadings, together with the affidavits show that, except as to the amount of damages there is no genuine issue as to any material fact and that this defendant, the moving party, is entitled to a judgment that plaintiffs take nothing against it upon such claim against said defendant as a matter of law."

The affidavits, exhibits and pleadings conclusively show that appellee is a private corporation organized under and by virtue of the laws of the State of Texas for the manufacture of oilwell and marine supplies of all kinds, and the purchase and sale of goods, wares and merchandise used for such business. Its principal place of business is Beaumont, Jefferson County, Texas.

Appellants did not ask to amend their pleadings in the trial court and continued to rely upon their sole contention and theory that they were entitled to recover under Art. 1, Sec. 17 of the Constitution of the State of Texas. Appellants have continued in this court to urge that contention.

Appellee does not have the right of eminent domain, has no authority to take property for public use and is a private corporation, for which reasons appellants' points of error 1 and 2 are overruled.

Judgment affirmed.